UNITED STATES of America, Plaintiff,

v.

CITY OF BUFFALO, a municipal corporation, Thomas R. Blair, Police Commissioner, City of Buffalo Police Department, Anthony J. Colucci, Herbert L. Bellamy, Frank A. Stachowiak, Commissioners, City of Buffalo Civil Service Commission, Buffalo Police Benevolent Association, Defendants.

No. Civ–1973–414.

United States District Court, W. D. New York.

July 3, 1979.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (James S. Angus, and S. Theodore Merritt, U. S. Dept. of Justice, Civ. Rights Div., Washington, D. C., of counsel), for the plaintiff United States of America.

Joseph P. McNamara, Corp. Counsel, Buffalo, N. Y. (James J. McLoughlin, Senior Deputy Corp. Counsel, Buffalo, N. Y., of counsel), for defendant City of Buffalo.

CURTIN, Chief Judge.

On August 1, 1978, this court issued a decision which held that the police department of the City of Buffalo had discriminated against women and minorities. *United ed States v. City of Buffalo*, 457 F.Supp. 612 (W.D.N.Y.1978). In addition to finding discrimination in hiring requirements, the court determined that there was discrimination in the terms and conditions of employment. In its memorandum submitted in support of its suggested remedy for this discrimination, the United States proposed that an "Equal Employment Opportunity Board" be established within the police department to provide an internal mechanism to handle complaints of discrimination and to develop practical solutions to problems which arise subsequent to the court's order. On November 28, 1978, the court directed the City to develop its own proposal for a review board. When the court issued its comprehensive remedy decision and order on December 11, 1978, the issue of what form this review panel would take was left for future determination by the court. *See* Order of court, Civ. No. 1973–414, at 7 (December 11, 1978).

On January 9, 1979, the City submitted its proposal for handling departmental complaints alleging discriminatory treatment

based upon race, color, religion, sex or national origin. The United States, in a response filed February 20, 1979, expressed serious concern about certain of the elements of the City's proposed procedure for handling such complaints. A hearing was held on May 3, 1979.

In the meantime, the Federal Office of Revenue Sharing ["ORS"] initiated the process which leads to the cutoff of revenue sharing funds based on the court's August 1, 1978 finding of discrimination. On June 13, 1979, the City and ORS entered into a compliance agreement. Part of that agreement called for the police department to create immediately a review panel to handle complaints of discrimination within the department, subject to the further order of this court. On June 20, 1979, the department implemented the compliance agreement, essentially using the City's original proposal for an investigative procedure and review panel but incorporating certain changes.

After giving careful consideration to the City's proposal, the government's critique, and the testimony taken at the hearing, the court believes that, subject to certain modifications, this proposal should be given an opportunity to work. By its order of December 11, 1978, the court has retained jurisdiction over this case to supervise the implementation of the remedies insuring equal employment opportunities in the police department. If further relief is required, appropriate action can be taken.

THEREFORE, IT IS HEREBY ORDERED:

### 1. *CENTRAL REPOSITORY*

The Police Commissioner's Investigating Unit ["PCIU"] shall be the unit for channeling and recording all complaints against members of the department involving allegations of discrimination based upon race, color, religion, sex or national origin. The PCIU shall have the responsibility for insuring that all complaints are dealt with fairly, effectively, and in accordance with all departmental policies and procedures.

### 2. *COMPLAINT PROCEDURE*

Any member of the department may file a complaint in writing with the PCIU upon forms to be furnished by the department. The complaint shall set out the conduct or actions of members of the police department which is to be the subject of investigation. The description shall be sufficiently detailed so as to enable the PCIU to conduct a full and fair investigation of the matter. Such statements shall be filed within ten (10) days of the occurrence of the conduct in question.

### 3. *COMPLAINT RECEIPT*

(a) If, at the time the complaint is received, the PCIU is on duty, the complainant shall be referred to that office.

(b) If the PCIU is not on duty, the Inspector or Duty Officer receiving the complaint shall take a complete report with statements and forward, through channels, to the Commissioner, Attention: PCIU.

(c) The PCIU shall then pursue the investigation to its conclusion, in accordance with the procedures set forth in ¶¶ 5 and 6.

### 4. *INVESTIGATION*

All complaints shall be diligently investigated by the PCIU. The PCIU shall interview all witnesses, police personnel, and other individuals named in the complaint. In addition, the PCIU shall investigate so as to identify any additional relevant evidence and witnesses to the conduct detailed in the complaint. The PCIU shall strive to complete each investigation within sixty (60) days of the filing of a complaint. The Commissioner may extend the 60-day deadline upon request from either the head of the PCIU or the complainant, upon the showing of good cause.

### 5. *REPORTS*

Upon completion of the investigation, the PCIU shall prepare a thorough report of the investigation with findings of fact. Included therein shall be a recommendation to the Commissioner as to the appropriate disposition of the matter.

### 6. DETERMINATION BY COMMISSIONER

The Commissioner shall either accept, reject or modify the findings of the PCIU and shall issue a written determination to the complainant specifying the reasons for his decision.

### 7. GENERAL GUIDELINES

(a) Inspectors and Duty Officers should encroach upon the jurisdictional command of their peers only in emergency situations when the police purpose or good order would be jeopardized by failure to take immediate action.

(b) The PCIU Commanding Officer shall keep the Commissioner informed at all times of the progress of matters under investigation.

(c) If no investigation was commenced prior to receipt of the complaint by the PCIU, that unit shall arrange for the investigation pursuant to these guidelines.

(d) The PCIU shall investigate all complaints alleging that a member of the police department has been subject to discrimination or harassment on the basis of race, color, religion, sex or national origin.

(e) The PCIU shall serve as the central repository for all such complaints.

(f) Copies of all reports must be sent to the PCIU.

### 8. PERSONNEL FILES

Reports of investigations shall be made a part of the member's personnel file in the PCIU's office, unless otherwise directed by the Commissioner.

### 9. AUTHORITY OF THE PCIU

For the purposes of implementing these policies, the Commanding Officer of the PCIU is authorized to transgress district and division bounds. He may request, and shall be given, the complete cooperation of any member of the department, regardless of rank, in the pursuit of investigations.

### 10. RESPONSIBILITY OF PCIU

The PCIU shall maintain the records, establish the systems, and adopt procedures necessary to effect the purposes of these policies.

### 11. REVIEW PANEL

A Review Panel shall be established consisting of one (1) male minority member of the department; one (1) female member of the department; and three (3) other members of the department who shall be appointed by the Police Commissioner. The Commissioner shall provide a mechanism by which the male minority and the female members can select their representatives. The Commissioner shall designate one of the Panel members to serve as chairman. Meetings of the Panel shall be held upon the call of the chairman or upon a request submitted to the chairman from a majority of the Panel members. Members shall serve at the pleasure of the Commissioner.

The powers of the Review Panel are limited to observation and the making of recommendations to the Police Commissioner. The Panel shall evaluate the quality of all investigations of complaints alleging discrimination or harassment on the basis of race, color, religion, sex or national origin. In such cases, the Panel shall review all evidence and reports compiled by the PCIU. Upon completion of its review, the Panel shall prepare a report evaluating the quality of the investigation, the substantiality of the charge(s), and the appropriateness of the recommendations for disposition of the matter. All Review Panel reports shall be forwarded directly to the Commissioner of Police and retained on file by him. Should the Panel members be unable to agree, individual reports and recommendations may be filed with the Commissioner.

### 12. APPLICABILITY OF POLICY

The policies outlined herein shall be followed in all cases of complaints received against members of the department involving discrimination or harassment on the basis of race, color, religion, sex or national origin, except as provided in § 1.

13. *NOTICE*

All police personnel shall be informed of this procedure through available communication channels including, but not limited to, the police wire.

So ordered.